UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00002-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| $37,449.00, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

Federal inmate Nathan Smith has filed a *pro se* civil complaint. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

Smith's complaint is handwritten on a single page, and states in its entirety:

Complaint:
After $37,449.00 in tax dollars was misspent yearly on staff purporting to prepare this federal prisoner for re-entry and rehabilitation, Nathan Smith will be released on 1-20-20 homeless, jobless, penniless, and with no real prospects in the community. Smith has proven mental and physical disabilities.

Relief:
Nathan Smith asks this Court to issue an immediate Preliminary Injunction / Temporary Restraining Order to arrest the funds above. Smith then requests the Court to appoint an Officer of the Court to correctly use that funding to procure access to housing, mental and physical medical care and eventual access to gainful employment.

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

1

[R. 1 at 1] Smith names as defendants "$37,449.00 in rem; Kathleen Hawk Sawyer; Warden Hector Joyner; Dir. Darren Harmon; Re-Entry Coord. FNU Banfl; Case Mgr. FNU Patrick." *Id.*

The Court must dismiss Smith's complaint for several reasons. With respect to the individuals identified in the complaint, Smith names them as defendants but makes no allegations against them. His complaint therefore fails to properly plead a claim for relief against them as required by Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that to state a viable claim for relief, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."); *Hill*, 630 F.3d at 470. Nor are the individuals properly named as defendants in an *in rem* proceeding, which adjudicates respective rights and obligations to particular property. Cf. *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) ("If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated '*in personam*' and can impose a personal obligation on the defendant in favor of the plaintiff. If jurisdiction is based on the court's power over property within its territory, the action is called '*in rem*' or '*quasi in rem*.'").

Smith's allegation that "$37,449.00 in tax dollars was misspent yearly" [R. 1 at 1] is also insufficient to assert an *in rem* claim in several respects. First, Smith fails to allege or establish that the property he seeks is within the territorial jurisdiction of this Court. *In re Globo Comunicacoes e Participacoes S.A.*, 317 B.R. 235, 251-52 (S.D.N.Y. 2004) ("One of the requirements of *in rem* or *quasi-in-rem* jurisdiction is that the property be within the court's jurisdiction at the time of suit.") (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1070 (3d ed. rev. 2004)). Second, he alleges that the funds about which he complains have already been "misspent yearly"; thus, the funds he seeks to redirect for purposes he believes would be more beneficial to him have already been dissipated and are no

longer subject to attachment or seizure. But most fundamentally, Smith does not make an *in rem* claim at all because he complains of how general funds from the federal treasury were spent rather than seeking a determination of the rights and obligations with respect to a specific corpus. Cf. *The Commerce*, 66 U.S. 574, 580-81 (1861) ("Process *in rem* is founded on a right in the thing, and the object of the process is to obtain the thing itself, or a satisfaction out of it, for some claim resting on a real or quasi proprietary right in it."). Smith's attempt to control the use of general funds which he complains the BOP has "misspent" in its efforts to rehabilitate him runs afoul of the Appropriations Clause of the Constitution. U.S. Const., Art. I, § 9, cl. 7 ("No money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."); see *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 89-90 (1992) (the Appropriations Clause "assure[s] that public funds will be spent according to the letter of the difficult judgments reached by Congress.") (quoting *Office of Personnel Management v. Richmond*, 496 U.S. 414, 428 (1990)). For each of these reasons, the Court must dismiss the complaint with prejudice.

Accordingly, it is **ORDERED** as follows:

1. Smith's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 9th day of January, 2020.

Gregory F. Van Tatenhove
United States District Judge